UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSE ANDRADE, ) | |
|     the PlaintifF, ) | |
| ) | CASE NO. 2:19-cv-430-TLS-JPK |
| v. ) | |
| ) | |
| CITY OF HAMMOND, *et al.*, ) | |
|     the Defendants. ) | |

**RESPONSE BRIEF OF THE "HAMMOND DEFENDANTS"
IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY**

The Defendants, City Of Hammond, ("Hammond"), Thomas N. McDermott, Jr., and the Hammond Board of Public Works and Safety, (jointly, "the Hammond Defendants"), by their attorneys, Eichhorn & Eichhorn, LLP, state the following for their Response Brief filed in opposition of Plaintiff's Motion To Disqualify Certain Defense Counsel, ("Motion"):

**I.  INTRODUCTION**

A motion to disqualify opposing counsel should be "considered a drastic remedy." *Borom v. Town of Merrillville*, 2007 WL 1797639 at *2 (N.D. Ind. June 19, 2007)(*citing Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993)); *Cromley v. Bd. of Ed. Of Lockport Twp. High Sch. Dist. 205*, 17 F.3d 1059, 1066 (7th Cir. 1994); *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982). Courts should hesitate to grant a motion to qualify "except when absolutely necessary." *Peele v. Burch*, 2010 WL 3326731 at *2 (N.D. Ind. Aug. 23, 2010)(*citing Owen*, 985 F.2d at 317). "Motions to disqualify 'should be viewed with extreme caution for they can be misused as techniques of harassment.'" *Conn v. U.S. Steel Corp.*, 2009 WL 260955 (N.D. Ind. Feb. 2, 2009)(*quoting Freeman*, 689 F.2d at 722).

Here, the plaintiff, Jose Andrde ("Andrade") seeks to disqualify certain defense counsel and as well as their entire law firm. [D.E. 16] But the Court lacks subject-matter jurisdiction to hear

Andrade's claims in this matter. Defendants are preparing a motion to dismiss on this threshold issue, which, if granted, would render the instant motion to disqualify moot. Also, Andrade is attempting to relitigate a three-year-old discovery dispute but the instant motion is not a proper mechanism for him to do so. He lacks standing to assert any conflict of interest as to the representation by the law firm of Eichhorn & Eichhorn, LLP. And fundamentally, Andrade cannot show that the testimony of defense counsel is necessary as required by the Ind. Rule of Prof. Conduct 3.7 and defined by case law interpreting the same. For all these reasons, Andrade's Motion to Disqualify Certain Defense Counsel should be denied.

## II.  THE APPLICABLE STANDARD OF REVIEW

A district court's order on a motion to disqualify is reviewed for abuse of discretion. *United States v. Defazio*, 899 F.2d 626, 628 (7th Cir 1990). Parties, however, are "entitled to a degree of deference in the prerogative to proceed with counsel of [their] choice." *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993). Disqualification of counsel is "a drastic measure which courts should hesitate to impose except when absolutely necessary." *Id., quoting Schiessle v. Stephens*, 717 F.2d 417, 419-420 (7th Cir. 1983).

"The party seeking disqualification of opposing counsel bears the burden of proving the relevancy and need for the attorney's testimony." *Borom*, 2007 WL 1797639 at *2 *(citing Estate of Carta v. Lumbermens Mutual Casualty Company*, 419 F.Supp.2d 23, 29 (D.Mass. 2006); *Macheca Transport Co. V. Philadelphia Indemnity Insurance Company*, 463 F.3d 827, 833 (8th Cir. 2006) ("Blanket allegations that an attorney's testimony is relevant to a party's claim is an insufficient basis upon which to discern whether the attorney will truly be a necessary witness in the sense that there are things to which he will be <u>the only one available to testify</u>.")(emphasis added))

Ind. Rule of Prof. Conduct 3.7(a) provides:

2

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

Ind. Rule of Prof. Conduct 3.7(a). Addressing the term "necessary witness" within rule 3.7(a), the court in *Peele* held:

> "A necessary witness is not the same thing as a 'best' witness." *Harter v. University of Indianapolis*, 5 F.Supp.2d 657, 665 (S.D. Ind. 1998). "If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness." *Id.* "In addition, of course, if the testimony is not relevant or is only marginally relevant, it certainly is not necessary." *Id.*.

*Peele*, 2010 WL 3326731 at *1. The court went on to hold, " In summary, courts find that Rule 3.7's necessity requirement is met when the attorney's testimony is "relevant, material, and <u>unobtainable elsewhere</u>." *Id., quoting Borom*, 2007 WL 1797639 at *2 (emphasis added).

### III.  DISCUSSION

**A.  Judge Springmann's Order in the related cause of *Andrade v. City of Hammond*, 2:15-cv-134 demonstrates that there is no proper basis for Plaintiff's Motion to Disqualify Certain Defense Counsel.**

As a preface to defendants' discussion and to underscore the absurdity of this cause of action and the instant Motion to Disqualify Certain Defense Counsel, the undersigned counsel notes that, as he was drafting this Response, Judge Springmann entered her Order in the related case of *Andrade v. City of Hammond, et at.*, Cause No. 2:15-cv-134, in which she denied this same plaintiff's motion to file a second amended complaint against the City of Hammond. See D.E. 71 of Cause No. 2:15-cv-134 attached as Exhibit A. Specifically, in that case, Judge Springmann ordered that:

> The Plaintiff "seeks leave to file a second amended complaint, because . . . additional facts have developed which warrant the amendment of plaintiff's claims." Second Mot. To Am. Compl. ¶ 3. . . . The Plaintiff further alleges that "an administrative hearing occurred in January 2017 at which the City of Hammond refused,

3

> without justification, to comply with a lawfully-issued subpoena, thereby denying [the Plaintiff] effective cross-examination of two (2) experts, in contravention of rights guaranteed to [the Plaintiff] by Indiana Rules of Evidence 705." *Id.* ¶ 6.[1]
>
> Even if the Plaintiff's most recent allegations are true, they occurred in January 2017. The Plaintiff could have sought to amend his Amended Complaint prior to the close of discovery [on August 1, 2017] and prior to the Defendants filing their Motion for Summary Judgment. Instead, the Plaintiff did not file his request to amend the Amended Complaint until June 2019 - <u>nearly two and a half years after the alleged violations occurred</u> and almost four years after Judge Martin's scheduling order deadline. . . . Accordingly, the Plaintiff's request to file a second amended complaint is denied.

Exhibit A, p. 4 (emphasis added).

Here, this same plaintiff now references the same January 2017 hearing in his Complaint [D.E. 1] and the instant Motion to Disqualify. [D.E. 16] Andrade asserts the same allegations of the City's purported "failure to comply with a lawfully-issued subpoena without justification." [D.E. 16, ¶ 5; D.E. 1, ¶ 33] And even as the Court in Cause No. 2:15-cv-134 denied as untimely Andrade's June 2019 attempt to raise these claims in federal court, Andrade recently filed the instant cause of action in November 2019 attempting to raise these same claims. He now claims in the instant motion that the testimony of defense counsel is needed to do so. This is an improper use of the courts and Andrade's motion should be denied.

**B.     The Court lacks subject-matter jurisdiction and, as such, Andrade's Motion to Disqualify Certain Defense Counsel is moot.**

Andrade's hearing before the Hammond Board of Public Works and Safety ("Safety Board") occurred on January 12, 2017. The Safety Board determined that the subject property at 6609 Jefferson

---

[1] Defendants submit that the Indiana Rules of Evidence govern the admissibility of evidence but do not bestow upon parties substantive rights.

4

was unsafe as defined by the Indiana Unsafe Building Law, Ind. Code § 36-7-9-4, and ordered that the premises, currently being used as a five-unit tenement, be returned to a single-family dwelling. Pursuant to Ind. Code § 36-7-9-8, Andrade sought judicial review of the Safety Board's Findings and Order and, on March 28, 2018, the Lake Superior Court affirmed the Safety Board's Order. *Andrade v. City of Hammond*, 114 N.E.3d 507, 513 (Ind. App. 2018), *transfer denied*, 124 N.E.3d 39 (Ind. 2019), and *cert. denied sub nom. Andrade v. City of Hammond, Indiana*, 140 S. Ct. 127 (2019). Andrade appealed and the Indiana Court of Appeals affirmed. *Id*. Andrade filed a petition to transfer to the Indiana State Supreme Court, which was denied. *Andrade v. City of Hammond*, 124 N.E.3d 39 (Ind. 2019). Andrade then filed a writ of *certiorari* to the United States Supreme Court, which was also denied. *Andrade v. City of Hammond, Indiana*, 140 S. Ct. 127 (2019). Thus, any and all factual and legal issues arising out of the January 2017 Safety Board hearing and subsequent proceedings have been fully and finally adjudicated. This Court does not have subject-matter jurisdiction to relitigate a matter already decided by the Indiana Court of Appeals, the Indiana Supreme Court, and the United States Supreme Court. *Id.; see also Mannex Corp. v. Rozands*, 462 F.2d 688 (5th Cir. 1972), *cert. denied*, 93 S.Ct. 524, 409 U.S. 1040, 34 L.Ed.2d 489. "Congress has specifically required all federal courts to give preclusive effect to state court judgments whenever the courts of the State from which the judgment emerged would do so." *Calusinski v. Kruger*, 24 F.3d 931, 934 (7th Cir. 1994). *See also South Bend Lathe, Inc. v. Amsted Indus., Inc.*, 925 F.2d 1043, 1046 (7th Cir. 1991); *Cont'l. Cas. Co. v. Armstrong World Indus., Inc.*, 776 F.Supp. 1296, 1300 (N.D. Ill. 1991). The Hammond Defendants are preparing a motion to dismiss based on, *inter alia*, the Court's lack of subject-matter jurisdiction and will timely file the same. Jurisdiction is a threshold issue that will dispose of all of Andrade's claims and render the instant motion to disqualify as moot.

5

Framed another way, Andrade does not have a cause of action based on what may have taken place during judicial and quasi-judicial proceedings for which appellate review was available. Any claims of error during such proceedings affecting the rights of the litigants to prosecute and/or defend their case are legal issues that must be raised during those proceedings and then brought on appeal. Failure to do so constitutes waiver. *Washington v. Chicago Bd. of Educ.*, 786 Fed. Appx. 602, 607 (7th Cir. 2019)(unpublished)(Plaintiff's assertion that her lawyer in administrative proceeding was not "independent" was waived because she raised it for the first time on appeal.); *see also, Ennin v. CNH Indus. Am., LLC*, 878 F.3d 590, 596 (7th Cir. 2017).[2] Indeed, at the January 2017 Safety Board Hearing, Andrade's counsel expressly waived this issue when he stated, "Let's move on." *Andrade*, 114 N.E.3d at 511-512, 517; see also Exhibit B, p. 119:5. On this issue, the Indiana Court of Appeals held that Andrade's failure to seek a continuance or to exclude testimony before the Board constituted waiver of this claim. *Id.* at 517. The Indiana Court of Appeals went on to hold that, "even if he had not waived his claim, we would not reverse Board's decision." *Id*. Andrade had multiple opportunities to depose the witnesses during the years prior to the January 2017 Safety Board hearing and did not seek a remedy. *Id*. More fundamentally, however, the Indiana Court of Appeals held that the Safety Board's decision was based on various unsafe conditions that "had nothing to do withe the materials sought by Andrade in his subpoena, and Andrade does not claim his ability to cross-examine the experts on those matters was limited." *Id*. This issue was fully adjudicated and resolved. This

---

[2] In *Ennin*, the court held that, "'In an adversary system, in which by its nature judges are heavily dependent on the lawyers to establish the facts upon which decision will be based, the failure to reply to an adversary's point can have serious consequences.'" *Hardy v. City Optical Inc.*, 39 F.3d 765, 771 (7th Cir. 1994). For Ennin, those consequences include forfeiting the use of evidence that he maintains might bolster some of his claims. By not presenting his arguments to the district court, he let CNH's objections to the evidence stand unopposed. The district court was not required to make Ennin's arguments for him, and we will not permit him to raise them for the first time on appeal. Therefore, we affirm the district court's decision to exclude the evidence." 878 F.3d at 596.

Court has no subject-matter jurisdiction to act as a court of review for state court actions. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 390 (7th Cir. 2019)("The *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments'" (*quoting Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008)). As such, the instant motion to disqualify is moot.

Notably, even if subject-matter jurisdiction existed to allow the Court to hear this case, the instant motion should still be denied because Andrade does not have a viable claim for which the requested testimony would be needed. *Peele*, 2010 WL 3326731 at *1 (irrelevant testimony is not "necessary" under Ind. Rule of Prof. Conduct 3.7(a)). In his Motion to Disqualify Certain Defense Counsel, Andrade purports to seek testimony relative to the January 2017 Safety Board hearing. [D.E. 16, ¶¶ 5-12, 19, 23, 26]. Civil rights claims arising out of events from January 2017 are beyond the two-year statute of limitations. *Lovett v. Seniff*, 277 F. Supp. 2d 896, 897 (N.D. Ind. 2003)(Federal civil rights claims apply the state personal injury statute of limitations); Ind. Code § 34-11-2-4 (two-year statute of limitations for personal injury claims). Judge Springmann found these claims to be untimely in Cause 2:15-cv-134. See Exhibit A. Andrade cannot now avoid the consequences of Judge Springmann's ruling in that case simply by filing a new cause of action asserting the same claims. Testimony regarding untimely and nonviable claims is irrelevant and does not meet the "necessary" requirement of Ind. Rule of Prof. Conduct 3.7(a). Fed. R. Evid. 401, 402; *Peele*, 2010 WL 3326731 at *1.

    **C.    Andrade's instant Motion to Disqualify Certain Defense Counsel is not a proper mechanism to address a three-year-old discovery dispute.**

Andrade claims that the City's purported failure to respond to the subpoena at the January 2017 Safety Board hearing "deprived [him] of his right to such disclosure and cross examination." [D.E. 1

7

¶ 58] As discussed above, that claim was addressed as a discovery dispute and fully adjudicated by the Indiana Court of Appeals. *Andrade*, 114 N.E.3d at 517. In that case, the Indiana Court of Appeals held that Andrade's proper recourse was to seek an exclusion of the testimony and a continuance of the hearing. *Id*. He did not.

Three years later, Andrade now claims that his due process rights were violated by, *inter alia*, "false statements and baseless objections" at the January 2017 hearing. [D.E. 1, ¶ 57][3] Regardless, an objection raised by opposing counsel at a hearing does not form the basis of a cause of action for a civil rights violation. If Andrade believed the objection was baseless, his remedy was to argue that to the tribunal and ask that the objection be overruled. He did not. Instead, the record demonstrates that the parties' counsel exchanged comments, but the Safety Board never had opportunity to rule on the objection because Andrade's counsel dropped the issue and stated, "Let's move on. Let's move on." See selected portions of transcript of January 12, 2017 Safety Board hearing attached as Exhibit B. The proceedings continued and the subpoena was never mentioned again.[4]

Andrade's suggestion that, three years after the subject hearing, the testimony of Mr. McCrum and Mr. McNamara is material to his civil rights claims, is not supported by the record. The instant motion to disqualify is not a proper mechanism for Andrade to resolve any issue he might allege regarding the discovery he claims was needed to cross-examine witnesses three years ago. *Ennin*, 878 F.3d at 595-96. The instant motion should be denied.

**D.    Andrade does not have standing to seek disqualification of the law firm of Eichhorn & Eichhorn, LLP based on a purported conflict of interest.**

---

[3] Defendants maintain that the objections were not baseless, but that issue is not before the Court and irrelevant to the instant motion.

[4] The transcript continued for an additional 150 pages beyond the relevant portion cited here.

In his motion, Andrade hypothesizes that, if Mr. McCrum and Mr. McNamara were to be disqualified as Andrade requests, representation of the Hammond Defendants by the other attorneys at Eichhorn & Eichhorn, LLP would carry "significant risk that the representation will be materially limited by the lawyers' responsibilities to a third person, Mr. McCrum and/or Mr. McNamara, or by a personal interest of the lawyers at the firm." [D.E. 16, ¶ 25]. It is uncertain what Andrade is suggesting here. Nevertheless, Andrade goes on to state in his motion that "[t]he City of Hammond and the Board of Public Works and Safety are entitled to counsel whose representation is not actually, or potentially, conflicted." [D.E. 16, ¶ 26]. But Andrade does not speak for the City of Hammond or the Safety Board. Whatever unknown conflicts might be suggested by Andrade to exist, the parties may waive the conflict by giving informed consent, confirmed in writing. Ind. Rule of Prof. Conduct 1.7(b). Moreover, Andrade has not shown that the representation by the Eichhorn firm creates an actual conflict of interest. *Borom*, 2007 WL 1797639 at *3 ("To the extent that the plaintiffs seek to disqualify Stracci [defense counsel] because of the likelihood that his partner [ ] will testify at trial, they have not shown that Stracci's representation creates a conflict of interest in violation of these rules."). Thus, Andrade's request to disqualify the entire Eichhorn firm should be denied.

    **E.**    **Disqualification is improper because defense counsel are not "necessary witnesses" as required by Rule 3.7 and defined by case law interpreting the same.**

Here, plaintiff seeks to disqualify defense counsel on the basis that they are purportedly "material witnesses." [D.E. 16, p. 4] But that is not the correct standard. Ind. Rule of Prof. Conduct 3.7(a) addresses circumstances in which the lawyer "is likely to be a <u>necessary</u> witness." Ind. Rule of Prof. Conduct 3.7(a)(emphasis added). "The primary consideration under Rule 3.7 is whether the lawyer is a 'necessary witness.'" *Peele*, 2010 WL 3326731 at *1, *quoting Borom*, 2007 WL 1797639 at *2. As discussed above, "[i]f the evidence that would be offered by having an opposing attorney

9

testify can be elicited through other means, then the attorney is **not** a necessary witness." *Harter*, 5 F.Supp.2d at 665 (emphasis added). Rule 3.7 requires that the attorney's testimony is "unobtainable elsewhere." *Borom*, 2007 WL 1797639 at *2.

In the instant motion, Andrade states that "Mr. McCrum and Mr. McNamara will be subpoenaed to testify about their client's noncompliance with Andrade's subpoena." [D.E. 16, ¶ 12] The request for such testimony is improper in that it necessarily seeks to invade the attorney-client privilege and explore attorney-client communications. See "Confidentiality of Information," Ind. Rule of Prof. Conduct 1.6. But more fundamentally, even if Andrade had a viable claim that was not barred by the statute of limitations, res judicata, the lack of subject-matter jurisdiction and the Rooker-Feldman doctrine, testimony regarding Mr. Kearney's alleged noncompliance with Andrade's subpoena could feasibly be sought from Mr. Kearney, who is a named party to this action. Consequently, disqualification of defense counsel is improper since Andrade cannot make the required showing that this testimony is "unobtainable elsewhere." *Borom, supra*.

Finally, if Andrade is seeking the testimony of defense counsel in order to understand the bases for their objection at the January 2017 Safety Board hearing, such testimony is unnecessary because this has already been clearly discussed in the briefing before the Indiana Court of Appeals. See excerpt of Appellee's Brief in *Andrade v. City of Hammond, et al.*, Indiana Court of Appeals cause No. 18A-MI-1199, attached as Exhibit C. Andrade presented to the Indiana Court of Appeals the same issues relative to the January 2017 subpoena that he is attempting to re-litigate here. The Hammond Defendants fully briefed its position on the matter and served its brief on Andrade and his counsel in those proceedings. Exhibit C, p. 50. In this regard, the Indiana Court of Appeals held that, "Andrade provides us with no authority for his apparent proposition that the Board had an obligation, *sua sponte*, to enforce his discovery request. Given the length of time that Andrade was aware of the

10

City's experts' opinions and his failure to seek a remedy before or during the hearing in this matter, we conclude that Andrade was not unfairly surprised by the City's [alleged] failure to comply with his subpoena." *Andrade*, 114 N.E.3d at 517. Based on the foregoing, this matter was fully briefed and fully adjudicated. The testimony of defense counsel is clearly unnecessary and Andrade's motion to disqualify defense counsel is without merit.

## IV. CONCLUSION

Andrade's Motion to Disqualify Certain Defense Counsel should be denied.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: /s/ Kevin T. McNamara
    Kevin T. McNamara, #29376-41
    Attorney for Defendants, City
    of Hammond, City of Hammond
    Board of Public Works and Safety and
    Thomas N. McDermott, Jr.

John M. McCrum, #9988-45
Robert J. Feldt, #16311-45
Kevin T. McNamara, #29376-41
EICHHORN & EICHHORN, LLP
2929 Carlson Drive, Suite 100
Hammond, IN 46323
Telephone: (219) 931-0560
jmcrum@eichhorn-law.com
rfeldt@eichhorn-law.com
kmcnamara@eichhorn-law.com

11

**CERTIFICATE OF SERVICE**

I, Kevin T. McNamara, certify that on the 6th day of January, 2020, a true and complete copy of the foregoing Response Brief in Opposition to Plaintiff's Motion to Disqualify Certain Defense Counsel was served upon all counsel of record via the Case Management / Electronic Case Filing (CM / ECF) system maintained by the United States District Court for the Northern District of Indiana.

/s/ Kevin T. McNamara