# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JOSE ANDRADE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HAMMOND, et al., <br><br> Defendants. | CAUSE NO.: 2:15-CV-134-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 55], filed on June 14, 2019. For the reasons stated below, the Plaintiff's request is DENIED.

## BACKGROUND

On March 13, 2015, the Plaintiff filed a State Court Complaint [ECF No. 2] in which he asserted that he was "the owner of certain real property and improvements located in Hammond, Lake County, Indiana" and that "[t]he Defendant(s) through actions and efforts of various employees, including James Callahan, chief of the Inspections Department, and others, did engage in a patterned course of action starting March 15, 2013 in a calculated effort to deny Plaintiff the full use and benefit of his property . . . ." Compl. ¶¶ 1, 4. On April 6, 2015, the Defendants filed a Notice of Removal [ECF No. 1]. On May 6, 2015, the Defendants filed an Answer and Affirmative Defenses [ECF No. 6] to the State Court Complaint.

On June 11, 2015, Magistrate Judge John E. Martin conducted a Rule 16 Preliminary Conference [ECF No. 11] at which he ordered that "[a]ny motion to amend or join parties to the pleadings to be filed by 8/15/2015 for [the Plaintiff] and 10/15/2015 for [the Defendants]."

On August 15, 2015, the Plaintiff filed an Amended Complaint [ECF No. 12]. On August 17, 2015, the Plaintiff filed an Unopposed Motion to Amend Complaint [ECF No. 13]. On August 31, 2015, Judge Martin (1) struck the Amended Complaint and (2) granted the Unopposed Motion to Amend Complaint. Order, p. 1, ECF No. 15.

On September 4, 2015, the Plaintiff filed his Amended Complaint [ECF No. 17]. On September 11, 2015, the Defendants filed an Answer [ECF No. 18] to the Amended Complaint. Over the next several months, the Plaintiff filed multiple Motions for Extension of Time to Complete Discovery [ECF Nos. 28, 31, 33]. Judge Martin granted these requests. Orders, ECF Nos. 29, 32, 34.

On February 23, 2017, the Defendants filed a Motion for Summary Judgment [ECF No. 35]. On March 13, 2017, the Plaintiff filed a Motion for Extension of Time to Complete Discovery [ECF No. 39]. On March 15, 2017, Judge Martin granted the motion and ordered that the discovery deadline would be August 1, 2017. Order, ECF No. 42. On April 6, 2017, after being granted an extension of time, the Plaintiff filed a Response [ECF No. 43] to the Defendants' Motion for Summary Judgement. On April 21, 2017, the Defendants filed a Reply in Support of their Motion for Summary Judgment [ECF No. 45].

On June 14, 2019, the Plaintiff filed the above-mentioned Motion for Leave to File a Second Amended Complaint [ECF No. 55]. On June 28, 2019, the Defendants filed a Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 57]. In pertinent part, the Defendants argued that the Plaintiff failed to demonstrate good cause in order to modify Judge Martin's scheduling order. *See id.* at 7. The Plaintiff filed a Reply [ECF No. 58] on July 3, 2019.

2

## ANALYSIS

The Plaintiff seeks leave to file a Second Amended Complaint. For the reasons stated below, this request is DENIED.

Federal Rule of Civil Procedure 16(b)(1) provides that the Court must issue a scheduling order. Fed. R. Civ. P. 16(b)(1). "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. (b)(4). In making this determination, the court's primary consideration is the diligence of the party seeking the amendment. *CMFG Life Ins. Co. v. RBS Secs., Inc.*, 799 F.3d 729, 749 (7th Cir. 2015) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)). Furthermore, the court may apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) are satisfied. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

In this case, the plaintiff filed his State Court Complaint on March 13, 2015. After removal to Federal Court, Judge Martin conducted a Rule 16 Preliminary Conference at which he ordered that "[a]ny motion to amend or join parties to the pleadings to be filed by 8/15/2015 for [the Plaintiff] and 10/15/2015 for [the Defendants]." On the last day possible, the Plaintiff filed an Amended Complaint which was ultimately stricken. On August 17, 2015, the Plaintiff filed an Unopposed Motion to Amend Complaint which Judge Martin granted. On September 4, 2015, the Plaintiff filed his Amended Complaint. On February 23, 2017, the Defendants filed a Motion for Summary Judgment. The deadline to conduct discovery was August 1, 2017.

On June 14, 2019, the Plaintiff filed the above-mentioned Motion for Leave to File a Second Amended Complaint. The Plaintiff "seeks leave to file a second amended complaint,

because . . . additional facts have developed which warrant the amendment of plaintiff's claims." Second Mot. to Am. Compl. ¶ 3. The Plaintiff alleges that "in January 2017, the Defendants prosecuted [the Plaintiff's] alleged violation of Hammond's zoning ordinance . . . in contravention of applicable Indiana statutes . . . ." *Id.* ¶ 4. The Plaintiff further alleges that "an administrative hearing occurred in January 2017 at which the City of Hammond refused, without justification, to comply with a lawfully-issued subpoena, thereby denying [the Plaintiff] effective cross-examination of two (2) experts, in contravention of rights guaranteed to [the Plaintiff] by Indiana Rule of Evidence 705." *Id.* ¶ 6.

Even if the Plaintiff's most recent allegations are true, they occurred in January 2017. The Plaintiff could have sought to amend his Amended Complaint prior to the close of discovery and prior to the Defendants filing their Motion for Summary Judgment. Instead, the Plaintiff did not file his request to amend the Amended Complaint until June 2019—nearly two and a half years after the alleged violations occurred and almost four years after Judge Martin's scheduling order deadline. Based upon this untimeliness and the record as a whole, the Court finds that the Plaintiff has failed to demonstrate good cause in order to modify the scheduling order. *See Bell*, 827 F.3d at 706 ("Bell has not shown good cause for relief from the deadline, which passed nearly eight months before his attempt to amend his complaint a fourth time. Thus, the district court did not abuse its discretion in denying Bell's request to amend his complaint."); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 733 (7th Cir. 2014) ("We also conclude that the district court did not abuse its discretion in denying the plaintiffs' second motion for leave to amend the complaint. The court denied the motion primarily because it was untimely; the deadline to amend the pleadings had expired six months earlier."). Accordingly, the Plaintiff's request to file a second amended complaint is denied.

4

## CONCLUSION

For the reasons stated above, the Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 55] is DENIED. The Defendants' Motion to Strike [ECF No. 59] is DENIED AS MOOT. The Plaintiff's Motion to Strike [ECF No. 64] is DENIED AS MOOT.

SO ORDERED on January 2, 2020.

        s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT