IN THE
INDIANA COURT OF APPEALS
CAUSE NO. 18A-MI-1199

| | |
|---|---|
| JOSE ANDRADE, ) | |
| ) | Appeal from the Superior Court 2 |
| the Appellant/Plaintiff Below, ) | of Lake County |
| ) | |
| v. ) | |
| ) | Cause No. 45D02-1508-MI-15 |
| CITY OF HAMMOND and CITY OF ) | |
| HAMMOND BOARD OF PUBLIC ) | |
| WORKS AND SAFETY ) | The Honorable Calvin D. Hawkins |
| ) | Judge |
| the Appellees/Defendants Below. ) | |

BRIEF OF THE APPELLEES, CITY OF HAMMOND AND
CITY OF HAMMOND BOARD OF PUBLIC WORKS AND SAFETY

 

David C. Jensen, ##4893-45
John M. McCrum, #9988-45
Robert J. Feldt, #16311-45
Kevin T. McNamara, #29376-41
EICHHORN & EICHHORN, LLP
2929 Carlson Drive, Suite 100
Hammond, IN 46323
Telephone: (219) 931-0560
Fax: (219) 931-5370

Attorneys for the Appellees/Defendants below,
City of Hammond and City of Hammond
Board of Public Works and Safety

September 5, 2018

Exhibit C

**BRIEF OF THE APPELLEES**

### D. Andrade Cannot Predicate Any Alleged Error Upon Hammond's Objections And Response To His January 4, 2017 Subpoena To Kelly Kearney.

Andrade's final argument for reversal relates to a subpoena that his prior counsel issued to Hammond. A few days before the Safety Board hearing, on January 4, 2017, Andrade's prior counsel mailed a subpoena to Kearny, asking him to bring various "regulations, ordinances, or statutes" used to support "testimony that he gave to the Safety Board on May 14, 2015" to the hearing. (App.44-45) Andrade's prior counsel had already deposed Kearney at that point. (HSB App.IV56-64)[11] Andrade also admits that he was aware that Kearney was relying upon the Unsafe Building Law and building codes in effect applicable in 1927. (App.26, ¶6, 32-33; App.40-43; Andrade Brief, p. 7, bottom)

Well into cross-examination of Kearney during the hearing, Andrade's prior counsel raised this subpoena with Kearney and whether he had brought anything with him. (H/SBApp.II108-130, 118-120) Hammond's counsel objected, noting that the Unsafe Building Law and Hammond codes were referenced in the October 18, 2016 Notice of Violation and were "statutes, ordinances . . . code citations," in other words, legal sources that Kearny may have had access to, but were also equally available to Andrade and his prior counsel at the public library. (H/SBApp.II118-120). When Andrade's prior counsel stated that his subpoena was intended to obtain the specific "ones" upon which Kearney relied, Hammond's counsel advised him that responsive documents to the subpoena

---

[11] Andrade improperly conflates in his Brief the Kearney subpoena with another that he never properly served upon Koch. (T.37-38) Andrade never raised that other subpoena with Koch during the hearing. (See H/SBApp.II59-94) Once again, because Andrade did not raise that subpoena with Koch and concluded to his satisfaction his cross-examination of Koch, Andrade cannot predicate any alleged error upon that subpoena. Andrade also inexplicably asserts, and without record support, that the Safety Board did not know the very Hammond Building Code applicable in 1927 which it is charged to enforce. (Andrade Brief, p. 12)

45

Exhibit C

**BRIEF OF THE APPELLEES**

would be the same legal sources clearly noted in the Notice of Violation that Andrade and Vosti had in their possession since its issuance. (App.40-43, 44-45; H/SBApp.II119-120) Kearney also added: "Everything that you're asking for is under the Unsafe Building Act." (H/SBApp.II118) When advised of this substantive response to his subpoena from Hammond's counsel, Andrade's prior counsel said "Let's move on. Let's move on." (App.119-120)

The proper time for resolving Hammond's objections and/or the adequacy of its response to Andrade's subpoena was while the matter was pending before the Safety Board. (See also Section V.A. and fns. 2 and 5 of this Brief.) If Andrade's prior counsel was actually not satisfied by the substantive clarification that he received from Hammond and Kearney at the hearing, and he did not actually already have those "statutes and ordinances," his remedy was to ask for a continuance and/or a ruling upon those objections from the Safety Board. In fact, because this was a remand hearing ordered by the Superior Court, he could have even gone to the Superior Court to request a ruling as to Hammond's objections or the adequacy of its response to his January 4, 2017 subpoena pursuant to T.R. 26(C) and (F) and 37. Andrade never did any of these things.

Because of Andrade's counsel's concessions, the Safety Board never had opportunity to make any ruling on the subpoena. The hearing took place at Hammond City Hall. Andrade could have requested a recess and asked the hearing members to instruct Kearney to get a copies of the Unsafe Building Law and/or the Hammond Building Code in effect in 1927. Instead, the subject of the subpoena and Hammond's objections/response never came up again during the course of the hearing, nor did Andrade or his prior counsel seek a ruling from the Safety Board or a continuance because of any suggested non-compliance with his January 4, 2017 subpoena. (App.40-43, 44-45,

46

Exhibit C

**BRIEF OF THE APPELLEES**

186-195; H/SBApp.II2-250; H/SBApp.III2-171) Instead, each party completed his/its presentations to the Safety Board. (App.40-45, 186-195; H/SBApp.II2-250; H/SBApp.III2-171)

      And in the end, this supposed "error" regarding Andrade's cross-examination of Koch and Kearny still relates to their testimony regarding the original permitting of 6609 Jefferson as a single family dwelling rather than a multi-unit. Andrade has never demonstrated at any stage of these proceedings Koch or Kearney's opinions were unsupported. Andrade also has never demonstrated that the Safey Board's application of its expertise, both in making its factual finding and in enforcing the Unsafe Building Law and the Hammond Building Code in effect in 1927, to determine that 6609 is an "unsafe building" that requires remediation, was "arbitrary and capricious." (App.186-195) As the Superior Court correctly held, that was the issue, and that issue was all but conceded by Andrade. (App.13-18)

**BRIEF OF THE APPELLEES**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of September, 2018, the foregoing Appellees' Brief was filed with the Clerk of the Indiana Supreme Court, Court of Appeals, and Tax Court, and was served via the IEFS filing system upon:

>Patrick McEuen
>McEuen Law Office
>6382 Central Avenue
>Portage, Indiana 46368

>/s/Robert J. Feldt
>Robert J. Feldt

David C. Jensen, #4893-45
John M. McCrum, #9988-45
Robert J. Feldt, #16311-45
Kevin T. McNamara, #29376-41
**EICHHORN & EICHHORN, LLP**
2929 Carlson Drive, Suite 100
Hammond, IN  46325
Telephone:  (219) 931-0560
Facsimile:   (219) 931-5370

Exhibit C