UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSE ANDRADE, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF HAMMOND, THE HAMMOND, BOARD OF PUBLIC WORKS AND SAFETY, THOMAS McDERMOTT, JR., KRISTINA C. KANTAR, KELLY KEARNEY, and KURT KOCH, | ) CAUSE NO.: 2:19-CV-430-TLS-JPK ) ) ) ) ) |
|     Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Disqualify Certain Defense Counsel as Material Witnesses [DE 16] filed by Plaintiff Jose Andrade on December 23, 2019. The motion seeks to disqualify two attorneys (Messrs. John M. McCrum and Kevin T. McNamara) who have entered appearances for the City of Hammond, The Hammond Board of Public Works and Safety, and Thomas McDermott, Jr. (the "Hammond Defendants"), and further, to disqualify the entire law firm with which these lawyers are associated (Eichhorn & Eichhorn, LLP). The motion argues that these two attorneys "are material witnesses in the prosecution of plaintiff's case and are disqualified from acting as advocates by Indiana Rule of Professional Conduct [IRPC] 3.7," and that all other lawyers in their firm have a disqualifying conflict of interest under IRPC 1.7, because they "could be compromised by duties other partners or associates owe to Mr. McCrum and/or Mr. McNamara" in connection their anticipated testimony. (Pl.'s Mot. ¶¶ 1-3, 24, ECF No. 16).

Plaintiff says he "intends to subpoena" Messrs. McCrum and McNamara for testimony relating to positions taken by their client (the City of Hammond) at the January 2017 administrative hearing before the Hammond Board of Public Works and Safety on which Plaintiff's due process

claims in this case are based. (*Id*. at ¶¶ 5-6, 16). According to Plaintiff's Complaint, this hearing concerned the City of Hammond's allegations of certain building ordinance violations against a piece of property owned by Plaintiff, and the City's related request to the have the property declared an "unsafe building" and thereby preclude its use for rent-subsidized housing as Plaintiff had intended. (Compl. ¶¶ 14-15, 31-34, ECF No. 1). Plaintiff's Complaint alleges that Defendants violated his due process rights (Count I) and conspired to interfere with his due process rights (Count II) by "hiding documents to a lawful subpoena" that Plaintiff had issued before the hearing, and by asserting "false statements and baseless objections" in opposition to the subpoena during the hearing, "thus denying Andrade the opportunity to a full and vigorous cross examination of the City's witnesses" during the proceeding. (*Id*. at ¶¶ 37, 54-57).

The Hammond Defendants oppose Plaintiff's Motion to Disqualify on several grounds, but the Court need address only two at the present time. They argue first that Plaintiff's Complaint is subject to dismissal because "any and all factual and legal issues arising out of the January 2017 Safety Board hearing and subsequent proceedings have been fully and finally adjudicated," and this Court "does not have subject-matter jurisdiction to relitigate a matter already decided by the Indiana Court of Appeals, the Indiana Supreme Court, and the United States Supreme Court." (Ds' Resp. 5, ECF No. 19). These arguments are raised in Motions to Dismiss filed by all Defendants now pending before Chief Judge Springmann. (ECF Nos. 23, 25). And even if their Motions to Dismiss are denied, the Hammond Defendants further argue that Plaintiff has failed to and cannot show that Mr. McCrum or Mr. McNamara is likely to be a "necessary witness," as is required for disqualification under IRPC 3.7. (Ds' Resp. 9-10, ECF No. 19). Plaintiff is unable to meet this standard, the Hammond Defendants argue, because the testimony he would seek from Messrs. McCrum and McNamara "can be elicited through other means," whereas disqualification under

Rule 3.7 requires evidence "unobtainable elsewhere." (*Id.* (quoting *Borom v. Town of Merrillville*, No. 2:07 CV 98, 2007 WL 1797639, at *2 (N.D. Ind. June 19, 2007)); *see also Mills v. Hausmann-McNally, S.C.*, 992 F. Supp. 2d 885, 895 (S.D. Ind. 2014) ("if the evidence that would be offered by having an opposing attorney testify can be elicited through any other means, then the attorney's testimony is not 'necessary' and he or she should not be disqualified"). Both arguments compel this Court to deny Plaintiff's Motion to Disqualify as premature at the present time.

IRPC 3.7 states: "A lawyer "shall not act as advocate *at a trial* in which the lawyer is likely to be a necessary witness," unless various exceptions apply. (Pl.'s Mot. ¶ 1, ECF No. 16 (quoting IRPC 3.7(a)) (emphasis added)). "The primary purpose of Rule 3.7 is to avoid confusion *at trial* created by the dual role of an attorney as advocate and witness." *Mills*, 992 F. Supp. 2d at 895 (emphasis added).[1] "These concerns do not come into play unless and until the attorney-witness is also trial counsel," and therefore do not preclude an attorney also alleged to be a necessary trial witness from participating in pretrial proceedings. *See alfaCTP*, 2016 WL 687281, at *6. Given this, courts in this circuit have repeatedly denied motions to disqualify an attorney alleged to be a necessary witness as premature when filed in the "early stages" of litigation. *Salisbery v. Vill. Of Sauk Vill.*, No. 15 C 10564, 2016 WL 1402291, at *7 (N.D. Ill. Apr. 11, 2016) (quoting *Walton v. Diamond*, No. 12 C 4493, 2012 WL 6587723, at *3 (N.D. Ill. Dec. 14, 2012)).[2] This reasoning

---

[1] *See also alfaCTP Sys., Inc. v. Nierman*, No. 15-cv-9338, 2016 WL 687281, at *6 (N.D. Ill. Feb. 19, 2016) ("Rule 3.7 serves to reduce the risk of jury confusion and to avoid the appearance of impropriety."); *Dawaji v. Kohlhoss*, No. 13 CV 6404, 2013 WL 6197161, at *2 (N.D. Ill. Nov. 27, 2013) ("The prohibition against a lawyer serving as an advocate at trial and testifying as a witness in the same matter is aimed at eliminating confusion about the lawyer's role." (brackets omitted, quoting E.J. Bennett, *et al.*, ANNOTATED MODEL RULES of PROF'L CONDUCT 373 (7th ed. 2011)).

[2] *See also Salisbery*, 2016 WL 1402291, at *7 (denying disqualification motion under Rule 3.7 as "speculative and premature because the case [was] in its infancy"); *DT Boring, Inc. v. Chicago Pub. Bldg. Comm'n*,, No. 15 C 11222, 2016 WL 3580756, at *5 (N.D. Ill. June 28, 2016) ("Because the instant action is merely in the pleading stage, and Rule 3.7 speaks of disqualification only at trial, plaintiff's motion is premature."); *Dawaji*, 2013 WL 6197161, at *3 (an attorney "is not prohibited from conducting discovery, drafting motions, or serving in some other capacity at this stage in the litigation," even if he "later becomes a witness at trial or in an evidentiary proceeding" (quoting *Mercury Vapor Processing Techs., Inc. v. Vill. of Riverdale*, 545 F. Supp. 2d 783, 789 (N.D. Ill. 2008)).

applies with particular force here, given Defendants' pending motions to dismiss for lack of subject matter jurisdiction and other defenses. In addition to the need to resolve jurisdictional issues before addressing the merits of the case, *Meyers v. Oneida Tribe of Indians of Wisc.*, 836 F.3d 818, 821 (7th Cir. 2016), the motions to dismiss pending here render Plaintiff's motion to disqualify premature also because "it is unclear whether the case will in fact proceed to trial." *See Walton*, 2012 WL 6587723, at *3 (denying motion to disqualify alleged attorney witness where motions to dismiss were pending).

Indeed, even if Defendants' motions to dismiss are denied and the case proceeds to discovery, "it is too early to anticipate the testimony or proof likely to be offered by any of the parties" at any trial. *See Dawaji*, 2013 WL 6197161, at *3; *see also Lectric Ltd, Inc. v. D G W, Inc.*, No. 15 C 7744, 2017 WL 1149335, at *7 (N.D. Ill. Mar. 28, 2017) (denying disqualification under Rule 3.7 "before the close of discovery"). As the Hammond Defendants argue, Plaintiff must show that the attorney testimony he would seek is "necessary," meaning that it would be "unobtainable elsewhere." *Walton*, 2012 WL 6587723, at *2; *Borom*, 2007 WL 1797639, at *2. "This is a high hurdle, because when 'one party argues that an opponent's attorney is a necessary witness and moves to disqualify that attorney . . . courts view the opponent's asserted need to call the attorney more skeptically and must be concerned about the possibility that the motion to disqualify is an abusive tactic to hurt the opponent's ability to pursue his case.'" *Dawaji*, 2013 WL 6197161, at *2 (quoting *Harter v. Univ. of Indianapolis*, 5 F. Supp. 2d 657, 663 (S.D. Ind. 1998)). And here, the Hammond Defendants contend that the testimony Plaintiff would seek from Messrs. McCrum and McNamara – regarding "the City's failure to comply with Andrade's subpoena" (Pl.'s Mot. ¶¶ 12, 16, ECF No. 16) – "could feasibly be sought" from a different witness (Mr. Kearney, the City's Code Enforcement Officer, who is a party to this action) and/or the briefs filed

4

on behalf of the City explaining its reasons for not complying with the subpoena in connection with Plaintiff's appeal on that issue. (Ds' Resp. 10, ECF No. 19; P's Compl. ¶ 12, ECF No. 1).

Thus, with the pleadings still under review and discovery yet to be conducted, it remains to be seen whether any testimony from Messrs. McCrum or McNamara will be sought for any trial, and if so, whether the information that would be sought from them "can be elicited through any other means," *Mills*, 992 F. Supp. 2d at 895, such as the alternative witness and documents that the Hammond Defendants have identified.[3] Plaintiff's Motion to Disqualify must therefore be denied as premature, but without prejudice to reassert it at a later appropriate time, if necessary. *See Lectric Ltd.*, 2017 WL 1149335, at *7 (denying premature motion to disqualify under IRPC 3.7 without prejudice); *Dawaji*, 2013 WL 6197161, at *4 (same); *Walton*, 2012 WL 6587723, at *3 (same); *accord Salisbery*, 2016 WL 1402291, at *7 ("Salisbery may raise this issue at the appropriate time in this litigation, if necessary.").

## **CONCLUSION**

Based on the foregoing, the Court hereby **DENIES without prejudice** Plaintiff Jose Andrade's Motion to Disqualify Certain Defense Counsel as Material Witnesses [DE 16].

So ORDERED this 24th day of February, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

---

[3] Plaintiff's bid to disqualify their entire law firm (Eichhorn & Eichhorn) is premature for the same reason. Just as it is too early to know whether any testimony will be required of Messrs. McCrum or McNamara, it is too early to consider whether any other lawyers in their firm would suffer a conflict of interest as a result of any testimony required from them, particularly in light of the heavy burden Plaintiff would bear on such a request. *See*, *e.g.*, *Mills*, 992 F. Supp. 2d at 891 (recognizing the "general rule" that "only a current or former client has standing to seek disqualification of any attorney" based on an alleged conflict of interest, because the Rule prohibiting such conflicts "is designed to protect the interests of those harmed by conflicting representations rather than serve as a weapon in the arsenal of a party opponent"); *D.T. Boring*, 2016 WL 3580756, at *6 (denying disqualification of attorney-witnesses' firm based on potentially necessary testimony about their "actions in earlier litigation," where movant asserted no cause of action against the attorney-witnesses or their firm: "As a non-party to this lawsuit, it is unclear to the court, and not articulated by plaintiff, why [the firm] would be inclined to protect itself from anything.").