UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOSE ANDRADE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF HAMMOND, THE HAMMOND BOARD OF PUBLIC WORKS AND SAFETY, THOMAS MCDERMOTT, JR., KRISTINA C. KANTAR, KELLY KEARNEY, and KURTIS KOCH, <br><br> Defendants. | CAUSE NO.: 2:19-CV-430-TLS-JPK |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' motions for summary judgment [ECF Nos. 59, 68] and two related motions to take judicial notice [ECF Nos. 61, 78]. For the reasons set forth below, the Court grants both motions to take judicial notice and both motions for summary judgment.

**PROCEDURAL BACKGROUND**

On November 11, 2019, Plaintiff Jose Andrade filed a Complaint [ECF No. 1] against Defendants City of Hammond, The Hammond Board of Public Works and Safety, and city employees Mayor Thomas McDermott, Jr., city attorney Kristina Kantar, Code Enforcement Officer Kelly Kearney, and Building Commissioner Kurtis Koch. The Plaintiff alleges that the Defendants violated his due process rights during proceedings in which the City and the Board investigated his rental home for unsafe conditions. *Id.* at ¶¶ 31–63.

The Plaintiff alleges that, during the Board proceedings, the Defendants gave intentionally false representations of opinion testimony, *id.* at ¶ 33; they sought the demolition of

his property without complying with the Indiana Unsafe Building Law and applicable municipal ordinances, *id.* at ¶ 35; they made false and unsubstantiated accusations that his property was built as a single-family residence and later unlawfully converted into a multi-family dwelling, *id.* at ¶ 36; they failed to respond to a subpoena and thereby denied him the opportunity for full and vigorous cross examination, *id.* at ¶ 37; they deprived him of his valid liberty and property interests in his rental property, *id.* at ¶ 38; and they engaged in a conspiracy to interfere with due process, which included false and baseless objections to a subpoena before a tribunal, *id.* at ¶ 56. He claims, therefore, that the Defendants are "liable to [him] under state remedies as well as pursuant to 42 U.S.C. 1983 and 1985(3)." *Id.* at ¶ 63.

Initially, this Court granted the Defendants' motions to dismiss [ECF Nos. 23, 25], finding that, under the *Rooker-Feldman* doctrine, the related state court judgment in *Andrade v. City of Hammond*, 114 N.E.3d 507 (Ind. Ct. App. 2018), deprived this Court of subject matter jurisdiction. *See* ECF No. 48. On appeal, however, the United States Court of Appeals for the Seventh Circuit reversed, holding that *Rooker-Feldman* did not divest this Court of jurisdiction over the case. *See Andrade v. City of Hammond*, 9 F.4th 947, 951 (7th Cir. 2021). The Seventh Circuit explained that the *Rooker-Feldman* doctrine precludes federal courts from reviewing direct challenges to state court judgments but does not preclude federal courts from reviewing challenges to conduct that was independent of a state court judgment, such as the conduct here that preceded the state court review. *Id.* at 950.

Following the Seventh Circuit's remand to this Court, the Defendants filed the two pending motions for summary judgment. ECF Nos. 59, 68. The Plaintiff filed a response in opposition to both motions [ECF No. 79], and the Defendants filed separate replies [ECF Nos. 81, 82]. The Defendants City of Hammond, The Hammond Board of Public Works and Safety,

and Thomas McDermott, Jr. filed a motion to take judicial notice of filings and decisions from the related state and federal court proceedings. ECF No. 61. The Plaintiff filed a response in opposition [ECF No. 77], and the Defendants filed a reply [ECF No. 80]. The Plaintiff filed a motion to take judicial notice of a transcript of proceedings in the Lake County, Indiana, Superior Court [ECF No. 78], to which the Defendants did not respond.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted). Facts that are

outcome determinative under the applicable law are material for summary judgment purposes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## MOTIONS TO TAKE JUDICIAL NOTICE

The Court "may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012); *see also* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known . . . or . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). "Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts." *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016).

The Court grants both the Defendants' motion for judicial notice of the nine court filings and decisions presented and the Plaintiff's motion to take judicial notice of the transcript of proceedings in the state trial court. The Plaintiff's objection to consideration of the proposed Second Amended Complaint from the related federal case, 2:15-cv-134, *see* Def. Ex. F, ECF No. 61-6, is moot because the Court does not rely on that pleading in the instant ruling.

## MATERIAL FACTS

**A.    Proceedings Before the Hammond Board of Public Works and Safety**

The Plaintiff owns a rental property in Hammond, Indiana. Def. Ex. C, *Andrade v. City of Hammond*, 114 N.E.3d 507 (Ind. Ct. App. 2018), p. 4, ECF No. 61-3. In May 2013, Defendant City of Hammond began investigating the rental property for unsafe conditions. *Id.* Upon inspection, the City found unsafe conditions and violations of local ordinances for which it issued the Plaintiff a Notice of Violation. *Id.*

Two years later, Defendant The City of Hammond Board of Public Works and Safety held a hearing on the condition of the Plaintiff's rental property, without giving notice to the Plaintiff. *Id.* The Lake County Superior Court mandated a new hearing because of the lack of notice. *Id.* Prior to the second hearing and given the time lapse since the 2013 inspection of the Plaintiff's rental property, a new inspector, Defendant Kurtis Koch, reinspected the Plaintiff's property. *Id.* Then, on January 12, 2017, the Board held the second hearing, during which Defendant Kelly Kearney, the City's Code Enforcement Officer, and Koch, the City's Building Commissioner, testified about the unsafe conditions and original configuration of the rental property. *Id.* at 4–5. Kearney testified that the property's original building permit described a nine-room frame, which indicated to him that the home was built as a single-family home. *Id.* at 8. He stated that if the property were to be built as a multi-family residence, the permit would likely have noted that there would be apartments there, which it did not. *Id.* Koch testified that the property did not have structural elements typical of a 1927 multi-family residence and that it was comparable to many other single-family homes in the area built in 1927. *Id.*

On March 9, 2017, the Board concluded that the Plaintiff's rental property was unsafe and ordered it restored to a single-family residence. Def. Ex. H, Op. & Order in Case 2:15-cv-134, p. 3, ECF No. 61-8.[1] The Board found that the Plaintiff's property did "not have fire stopping and thus allows heat transfer, fire, and smoke to travel unimpeded through chases and into different floors of the structure." *Id.* at 2. The building's "chimney chase was surrounded by open space from the cellar/basement through each floor to the roof deck, thus providing no fire blocking to the rooms upstairs." *Id.* The Board continued, "[I]f a fire began in the cellar, it could quickly spread to the upstairs rooms by means of this opening, entrapping occupants and

---

[1] For background on the Board's decision, the Court draws on its prior decision in case 2:15-cv-134, which the Defendants attached without objection from the Plaintiff.

exposing them to the hazards of smoke and flame." *Id.* at 2–3. In addition to these and other safety hazards, the Board found that the property "was not erected as a multi-unit structure in 1927 and was never legally converted to a multi-unit apartment building thereafter." *Id.* at 3. Ultimately, the Board concluded that "the five unsafe and illegally constructed units cannot lawfully be occupied in the building's present condition." *Id.*

**B.      Proceedings in Indiana State Court**

The Plaintiff sought judicial review of the Board's decision in Indiana state court. Def. Ex. B, Appeal Denovo of Remand Hearing from this Court, ECF No. 61-2. On March 28, 2018, the trial court upheld the Board's decision. Pl. Ex. A, Lake Cnty. Superior Ct. Order of Mar. 28, 2018, p. 6, ECF No. 34-1. The trial court found that the Plaintiff did not present evidence that the unsafe conditions were either not present or had been properly remedied. *Id.* at 2. The trial court recognized the Defendants' failure to respond to the Plaintiff's subpoena, but it found that the subject of the subpoena—whether the property was built as a single-family or multi-family dwelling—was not determinative of whether the building was unsafe. *Id.* at 4–5. The trial court therefore upheld the decision of the Board. *Id.* at 6.

On November 15, 2018, the Indiana Court of Appeals affirmed on appeal. *See* Def. Ex. C at 9. It concluded that the Board had authority under Indiana's Unsafe Building Law, Ind. Code § 36-7-9, et seq., to order the Plaintiff to restore the property to a single-family dwelling, *id.* at 7–8; that the Board had sufficient evidence to find that the property was built as a single-family dwelling, *id.* at 8; and that the City's failure to comply with the Plaintiff's subpoena for the 1927 Building Code did not require reversal of the Board's decision, *id.* at 9. The Indiana Supreme Court declined the Plaintiff's petition to transfer on March 7, 2019, Def. Ex. D, Ind. S. Ct.

6

Decision, ECF No. 61-4, and the United States Supreme Court denied the Plaintiff's petition for certiorari on October 7, 2019, Def. Ex. E, U.S. S. Ct. Decision, ECF No. 61-5.

### C. Initial Lawsuit in Federal Court

While the matter of whether the Plaintiff's property was unsafe remained before the Board of Public Works and Safety—even before the Board's first hearing—the Plaintiff filed a complaint in this Court against the City, the Board, and then-Head of Inspection for the City of Hammond James Callahan in cause number 2:15-cv-134. *See* Def. Ex. A, Am. Compl. for Damages, ECF No. 61-1. The Plaintiff alleged that the defendants had made a calculated effort to deprive him of the full use and benefit of his rental property. *Id.* at 1–2. On March 6, 2020, this Court granted summary judgment in favor of the defendants in that case. Def. Ex. H at 20. The Court concluded that, because the Lake County Superior Court and the Indiana Court of Appeals had reviewed and affirmed the Plaintiff's challenge to the Board's decision, the Plaintiff's claims were barred by the doctrine of res judicata. *Id.* at 9–20. Specifically, the Court found that the Indiana Court of Appeals had rendered its judgment on the merits when it concluded that the Board had lawful authority to order the Plaintiff to return his property to a single-family dwelling and that the Board supported its order with sufficient evidence. *Id.* at 10–11. The Court also found that the Plaintiff could have brought his federal claims in the prior state court action. *Id.* at 11–19. Thus, the Court granted the defendants' motion for summary judgment based on res judicata. *Id.* at 20.

### D. The Present Lawsuit

Shortly after the conclusion of the Plaintiff's state court action and while his initial federal suit remained pending, the Plaintiff filed the complaint in this case. *See* Pl. Compl. The Plaintiff alleges that the Defendants engaged in a conspiracy to deprive him of the full use and

benefit of his property without due process, *id.* at ¶ 32, which behavior included failure to comply with a subpoena, *id.* at ¶¶ 33, 37, 54–61, misrepresentations regarding the Defendants' access to the documents requested in the subpoena, *id.* at ¶¶ 56–57, and false testimony at the January 12, 2017 Board hearing, *id.* at ¶¶ 33, 36, 52, 57, 59–61. These claims stem from an exchange between the Plaintiff's counsel and Defendant Kearney during a hearing on February 8, 2018, before the state trial court as part of the Plaintiff's state court challenge to the Board's order:

> [Plaintiff's counsel]: Are you familiar with the contents of the 1927 Hammond Building Code?
>
> [Kearney]: Not as it is in this book, no.
>
> [Plaintiff's counsel]: Why not?
>
> [Kearney]: Because I have a copy of those pages that --
>
> [Plaintiff's counsel]: Did you produce that copy to [the Plaintiff's] counsel prior the hearing on January 12, 2017?
>
> [Defense counsel]: Objection. Irrelevant.
>
> THE COURT: At this point, I will sustain that objection.
>
> [Plaintiff's counsel]: On what basis, Your Honor? On the basis that it's not responsive to subpoenas, Plaintiff's 1 and 2?
>
> THE COURT: Wait a minute. I may have to -- this was a subpoena to him.
>
> [Plaintiff's counsel]: Correct, Your Honor.
>
> THE COURT: I withdraw that. That objection is overruled.
>
> . . .
>
> (The last question was read back.)
>
> [Kearney]: I did not, no.

. . .

[Plaintiff's counsel]: [The Plaintiff's former counsel] asked you at Page 117, line 10, "I'm sorry. My question was did you bring that material in the subpoena I served you?"

[Defense counsel] said, "I will insert an objection. The subpoena asked for documents that are not in our possession."

Were you present when that objection was raised?

[Kearney]: Yes.

[Plaintiff's counsel]: Did you have the documents in your possession in your office containing the 1927 Building Code from which you were going to offer opinions?

. . .

[Kearney]: Do I have a copy of the 1927 Building Code?

[Plaintiff's counsel]: Yes.

[Kearney]: Yes.

[Plaintiff's counsel]: You had [it on] January 10, 2017?

[Kearney]: Yes.

[Plaintiff's counsel]: You had it in December 2016?

[Kearney]: I believe it was in my office some place, yeah.

[Plaintiff's counsel]: You had it in September 2016, didn't you?

[Kearney]: That was not in my possession at that time, no.

[Plaintiff's counsel]: Sometime between October 2016 and January 11, 2017, you obtained a copy of the City of Hammond's 1927 Building Code, right?

[Kearney]: Yes.

[Plaintiff's counsel]: Okay. But it was never given to [the Plaintiff's former counsel]?

[Kearney]: Not from me, no.

Pl. Ex. A, Tr. of Proceedings in Lake Cnty. Superior Ct., Feb. 8, 2018, pp. 73–76, ECF No. 78-1.

# ANALYSIS

The Defendants argue that the Plaintiff's claims are barred by res judicata, collateral estoppel, the statute of limitations, and the intra-corporate conspiracy doctrine. The Court agrees that the Plaintiff's claims are barred by res judicata and grants the Defendants' motions for summary judgment on that basis.

"Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts must give state court judgments the same preclusive effect they would have in state court." *Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002). More specifically, "[t]he judgment of a state court sitting in review of an administrative agency is entitled to full faith and credit in federal court." *Abner v. Ill. Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012) (citing 28 U.S.C. § 1738; *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481–82 (1982)). "The doctrine of res judicata is fully applicable to civil rights claims brought pursuant to § 1983. The res judicata effect of a state-court judgment upon a subsequent § 1983 action is a matter of state law." *Rooding v. Peters*, 92 F.3d 578, 580 (7th Cir. 1996) (internal citations omitted); *see Rose v. Bd. of Election Comm'rs for the City of Chi.*, 815 F.3d 372, 374 (7th Cir. 2016) (applying Illinois res judicata principles to a claim brought pursuant to 42 U.S.C. § 1983).

"Res judicata is a legal doctrine intended 'to prevent repetitious litigation of disputes that are essentially the same, by holding a prior final judgment binding against both the original parties and their privies.'" *Ind. State Ethics Comm'n v. Sanchez*, 18 N.E.3d 988, 993 (Ind. 2014) (quoting *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013)). "There are two separate branches of *res judicata*: claim preclusion and issue preclusion." *Hood v. G.D.H. by Elliot*, 599 N.E.2d 237, 239 (Ind. Ct. App. 1992). "The first of these branches, claim preclusion, applies where a final judgment on the merits has been rendered and acts as a complete bar to a subsequent action on

the same issue or claim between those parties and their privies." *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013). Importantly to the instant litigation, "[w]hen claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action." *Id.* For claim preclusion to apply, the following requirements must be met:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id.*; *see also In re Eq.W.*, 124 N.E.3d 1201, 1209 (Ind. 2019). The Plaintiff only disputes the second and third factors of claim preclusion, so the Court will limit its analysis to those issues.

**A.      Judgment on the Merits**

"A decision with respect to the rights and liabilities of the parties is on the merits where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends." *Creech v. Town of Walkerton*, 472 N.E.2d 226, 228 (Ind. Ct. App. 1984) (citation omitted). This Court has once before decided that the former judgment of the Indiana Court of Appeals was rendered on the merits of that action. Def. Ex. H at 10–11. The Court does so again, here.

In the Opinion and Order on summary judgment in the Plaintiff's initial federal case, the Court reasoned as follows:

> In the state administrative proceedings, after conducting a lengthy evidentiary hearing, the board found that the Plaintiff's property was an unsafe building and ordered that it be returned to a single-family residence. The state trial court, after conducting an evidentiary hearing, affirmed the board's order. The Indiana Court of Appeals affirmed the trial court and concluded, in pertinent part, that (1) the board had the lawful authority to order the Plaintiff to restore the property to a single-family residence and (2) the board's order was supported by sufficient evidence. Finally, both the Indiana Supreme Court and the United States Supreme

> Court declined to review that case. As such, the Court finds that the former judgment was rendered on the merits. *See Town of Newburg v. Stephenson*, 316 N.E.2d 855, 857 (Ind. Ct. App. 1974) (holding that an order which vacated a decision from the board of zoning appeals and remanded for further proceedings was not a final judgment on the merits). Moreover, the Plaintiff's failure to properly preserve arguments for appeal does not mean that the former judgment was not rendered on the merits. *See Creech*, 472 N.E.2d at 228.

Def. Ex. H at 11. The Court again adopts that reasoning.

On the instant motion, the Plaintiff argues that the former judgment was not rendered "on the merits of *this* misconduct," meaning the testimony of Defendant Kearney at the February 8, 2018 state court hearing. Pl. Resp. 7, ECF No. 79 (emphasis added). The Plaintiff argues the testimony "exposed the conspiracy" "to hide potentially exculpatory, and legally-mandated, evidence"—the 1927 Building Code—evidence that he argues would have permitted him to challenge the Board's finding that his property was originally built as a single-family residence. *Id.* at 4, 7–8. According to the Plaintiff, res judicata does not bar his claims because no court has rendered judgment on the merits of that specific alleged misconduct. However, Plaintiff's argument is better characterized as a challenge to the requirement that "the matter now in issue was, or could have been, determined in the prior action," *Angelopoulos*, 2 N.E.3d at 696, and is addressed in the next section.

**B.     Determination of the Matter in the Prior Action**

The Court concludes that the claims at issue in this case could have been determined in the prior action. The Plaintiff argues that his civil rights claims regarding the alleged conspiracy to deprive him of the use of his property have never been decided and that he could not have asserted these claims in the prior proceedings. The Court, however, finds that the Plaintiff could have brought these claims in the state court action. He cannot use his failure to do so as a means to avoid res judicata.

Indiana courts apply the "identical evidence test" to determine whether an issue could have been determined in a prior action. *Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 1002 (Ind. Ct. App. 2015). This test is satisfied when "identical evidence will support the issues involved in both actions." *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1047 (Ind. Ct. App. 2011). A party cannot avoid res judicata by failing to introduce evidence or failing to assert a claim in a prior proceeding. *Id.*

The Plaintiff's state court action was based on evidence regarding the Board's decision that his property was unsafe and must be restored to a single-family dwelling, a decision the Board made pursuant to Indiana's Unsafe Building Law, Ind. Code § 36-7-9, et seq. (UBL). An order issued pursuant to the UBL is appealable to the state trial court in which the building is located. Ind. Code § 36-7-9-8(a). "A person requesting judicial review . . . must file a verified complaint including the findings of fact and the action taken by the hearing authority." *Id.* § 36-7-9-8(b). "An appeal under this section is an action de novo. The court may affirm, modify, or reverse the action taken by the hearing authority." *Id.* § 36-7-9-8(c). "Under a de novo review, the trial court may, to a limited extent, weigh the evidence supporting the enforcement authority's findings of fact." *Groff v. City of Butler*, 794 N.E.2d 528, 533 (Ind. Ct. App. 2003). However, "the trial court may not substitute its judgment for that of the agency below; rather, the facts should be determined only one time." *Kopinski v. Health & Hosp. Corp. of Marion Cnty., Ind.*, 766 N.E.2d 454, 455 (Ind. Ct. App. 2002). Indeed, the state trial court may negate a finding of fact "only if, based upon the evidence as a whole, the finding of fact was (1) arbitrary, (2) capricious, (3) an abuse of discretion, (4) unsupported by the evidence or (5) in excess of statutory authority." *Kollar v. Civil City of South Bend*, 695 N.E.2d 616, 619 (Ind. Ct. App. 1998) (quoting *Uhlir v. Ritz*, 264 N.E.2d 312, 314 (Ind. 1970)).

Notwithstanding the apparently limited scope of review, a party appealing an order pursuant to the UBL may raise additional issues in his complaint that the state trial court must fully consider. *See City of Mishawaka v. Stewart*, 310 N.E.2d 65, 68 (Ind. 1974) (explaining that "de novo" in a statute allowing for judicial review of an agency decision has been held to mean "not that the issues at the hearing before the board are heard and determined anew, but rather that new issues are formed and determined"). Indeed, after losing at the administrative level, parties can raise new constitutional arguments to the state trial court. *See, e.g.*, *Kollar*, 695 N.E.2d at 623 n.4 ("The City asserts this [due process and bias] issue was also waived by the Kollars' failure to properly raise it below. However, we conclude that the issue was properly raised because bias was specifically listed in the complaint."); *Util. Ctr., Inc. v. City of Fort Wayne*, 985 N.E.2d 731, 735 (Ind. 2013) ("[A] review or appeal to the courts from an administrative order or decision is limited to a consideration of whether or not the order was made in conformity with proper legal procedure, is based upon substantial evidence, and does not violate any constitutional, statutory, or legal principle." (quoting *City of Mishawaka*, 310 N.E.2d at 69)). Furthermore, Indiana courts have concurrent jurisdiction over constitutional claims brought pursuant to 42 U.S.C. § 1983. *Haywood v. Drown*, 556 U.S. 729, 735 (2009); *Snyder v. King*, 958 N.E.2d 764, 787 (Ind. 2011).

The Plaintiff's present claims allege due process violations related to the Board's determination under the UBL. In other words, the Plaintiff's claims in this case arise out of the same facts that underlay his state court challenge to the Board's decision. The Plaintiff claims that the Defendants violated his due process rights by failing to comply with a subpoena for the 1927 Building Code, by misrepresenting their access to said Code, and by offering false

testimony regarding the Code at the Board hearing. As this Court stated in its Opinion and Order in the Plaintiff's prior federal case:

> [T]he Plaintiff alleges numerous reasons why his due process rights were violated. However, all of his allegations arise out of the Defendants' efforts to shut down his rental property. In essence, the Plaintiff seeks to relitigate (1) whether the board had lawful authority to order him to restore his property to a single-family residence, (2) whether his building was a fire hazard, (3) whether his building was originally a single family residence, and (4) whether the Defendants violated his right to due process when they failed to comply with his subpoena. However, these arguments were explicitly raised in state court and rejected on the merits. *See Andrade*, 114 N.E.3d at 514–18.

Def. Ex. H at 14.

The Plaintiff argues that his current claims have never been decided because he exposed the Defendants' intentional failure to produce the 1927 Building Code at the February 8, 2018 trial court hearing. The Lake County Superior Court, however, concluded in its March 28, 2018 decision that whether the 1927 Building Code permitted the Plaintiff's rental property to be built as a single-family or multi-family residence was not determinative of whether the residence was unsafe as determined by the UBL and the Board. Notwithstanding the Defendants' failure to comply with the Plaintiff's subpoena, the trial court upheld the Board's decision. Moreover, when the trial court upheld the Board's decision and when the Indiana Court of Appeals affirmed, those courts had before them the evidence of alleged misconduct that forms the basis of the Plaintiff's Complaint in this case. Indeed, the exchange during which Defendant Kearney conceded his possession of the 1927 Building Code happened during the trial before the Lake County Superior Court.

The Plaintiff also argues that he could not have raised the present claims in the state trial court because he did not uncover the conspiracy until the February 8, 2018 hearing, nearly a year after his March 22, 2017 filing for state judicial review. Plaintiff reasons that, before then, he could only have suspected a conspiracy. The Plaintiff did indeed suspect a conspiracy. He made

15

that clear in 2015 when he alleged in the initial federal case that "[t]he Defendant(s) through actions and efforts of various employees . . . did engage in a patterned course of action starting March 15, 2013 in a calculated effort to deny Plaintiff the full use and benefit of his property . . . and those actions continue to this day." Def. Ex. H at 19. In his closing arguments before the state trial court, the Plaintiff's counsel argued the Defendants' alleged wrongdoing and failure to comply with the subpoena. *Id.* Had the Plaintiff not suspected the alleged conspiracy, he would not have pursued the line of questioning that showed the Defendants possessed the subpoenaed documents. Not only did the Plaintiff suspect the alleged conspiracy, but the filings and arguments mentioned above show he took the legal position that such misconduct existed. His February 8, 2018 exchange with Defendant Kearney may have elicited new testimony, but his legal position has not changed since 2015. Accordingly, the Plaintiff should have raised the present § 1983 claim in the state trial court.

The Plaintiff contends that the limited scope of judicial review under Indiana's Administrative Orders and Procedures Act, Ind. Code § 4-21.5 et seq. (AOPA), also precluded him from raising the present claims in state court. The decision in *Kollar*, however, demonstrates that the Plaintiff could have raised the claim despite the nature of AOPA review. *See* 695 N.E.2d at 623 n.4; *see also City of Mishawaka*, 310 N.E.2d at 68. The Court therefore rejects the Plaintiff's arguments that he could not have raised his federal claims before the state trial court.

For all these reasons, the Court concludes that the Plaintiff's claims are barred by the doctrine of res judicata and grants the Defendants' motions for summary judgment.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the City of Hammond, Thomas M. McDermott, Jr., and Hammond Board of Public Works and Safety's Motion to Take Judicial

16

Notice [ECF No. 61], the Plaintiff's Motion to Take Judicial Notice [ECF No. 78], the Motion for Summary Judgment of Defendants City of Hammond, Hammond Board of Public Works and Safety, and Thomas M. McDermott, Jr. [ECF No. 59], and Defendants Kristina Kantar, Kelly Kearney, and Kurtis Koch's Motion for Summary Judgment [ECF No. 68]. The Court DIRECTS the Clerk of Court to enter judgment against Plaintiff Jose Andrade and in favor of Defendants City of Hammond, The Hammond Board of Public Works and Safety, Thomas McDermott, Jr., Kristina Kantar, Kelly Kearney, and Kurtis Koch.

SO ORDERED on September 21, 2022.

                                          s/ Theresa L. Springmann
                                          JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT